1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

IIG PROPERTIES, LLC,

                    Plaintiff,

    v.

VICTOR JIMENEZ, and DOES 1-20,
INCLUSIVE

                Defendants.

_____/

No. C 12-06117 LB

**ORDER (1) GRANTING PLAINTIFF'S
MOTION TO REMAND THE CASE
TO CONTRA COSTA COUNTY
SUPERIOR COURT AND (2)
DENYING PLAINTIFF'S REQUEST
FOR ATTORNEY'S FEES**

[Re: ECF No. 4]

## INTRODUCTION

Plaintiff IIG Properties, LLC ("IIG") filed a complaint for unlawful detainer against Defendant

Victor Jimenez in the Contra Costa County Superior Court on October 5, 2012.  Notice of Removal,

ECF No. 1 at 1, ¶ 1.[1]  Mr. Jimenez, who is proceeding *pro se*, removed the action to federal court on

the ground of federal-question jurisdiction.  *Id.* at 2, ¶¶ 6, 10.  IIG now moves to remand the case

and requests an award of attorney's fees.  Motion to Remand, ECF No. 4-1 at 1.  Both parties

consented to the undersigned's jurisdiction.  *See* ECF Nos. 7 & 9.  For the reasons below, the court

**GRANTS** IIG's motion to remand the action to Contra Costa County Superior Court and **DENIES**

_____

    [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
number at the top of the document, not the pages at the bottom.

1   IIG's request for attorney's fees and costs.[2]

2                                    **STATEMENT**

3          On July 7, 2004 a deed of trust was recorded in the official records of the Contra Costa

4   County Recorder naming Mr. Jimenez the trustor of the property located at 52 Baylor Lane, Pleasant

5   Hill, California (the "Property").  Complaint, ECF No. 1 at 8, ¶¶ 5-6.  On an unspecified date

6   thereafter, Mr. Jimenez defaulted on his payment of the promissory note that was secured by the

7   deed.  *Id.* at 8, ¶ 7.  On August 23, 2012 IIG acquired the Property through a trustee's sale, and a

8   Trustee's Deed Upon Sale, Instrument No. 2012-0210302-00, was recorded in Contra Costa County.

9   Trustee's Deed Upon Sale, ECF No. 1 at 12-14.

10         On or about September 24, 2012, IIG posted a Notice to Any Renters and a Notice to Quit on the

11  Property that required any tenants in possession of the Property to vacate it within three days.

12  Notice to Quit, ECF No. 1 at 15.  Mr. Jimenez remained in possession of the Property, so on October

13  5, 2012, IIG filed a complaint in the Contra Costa County Superior Court against him, alleging a

14  single state law cause of action for unlawful detainer.  In that complaint, IIG seeks immediate

15  possession of the Property, damages of $75.00 per day for each day that Mr. Jimenez continues to

16  possess the Property, and attorney's fees and court costs.  Complaint, ECF No. 1 at 9, ¶¶ 1-3.

17         On December 3, 2012, Mr. Jimenez removed the case to federal court on the ground that the

18  complaint presents federal questions.  Notice of Removal, ECF No. 1 at 2, ¶¶ 6, 10.  On January 2,

19  2013, IIG filed a motion asking the court to remand the action to Contra Costa County Superior

20  Court based on lack of subject-matter jurisdiction and requesting attorney's costs and fees.  Motion

21  to Remand, ECF No. 4-1 at 3-4, 6.  IIG served Mr. Jimenez with the motion by mail on the same

22  day.  Certificate of Service, ECF No. 4-3.  Thus, Mr. Jimenez had until January 22, 2013 to file an

23  opposition.  *See* N.D. Cal. Civ. L.R. 7-3(a) ("Any opposition to a motion must be served and filed

24  not more than 14 days after the motion is served and filed."); *see also* Fed. R. Civ. P. 6(a) ("[I]f the

25  last day [of the time period] is a Saturday, Sunday, or legal holiday, the period continues to run until

26

27

28         [2] Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for determination
    without oral argument and vacates the February 7, 2013 hearing.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  the end of the next day that is not a Saturday, Sunday, or legal holiday."), (d) (three days added to

2  the time period if service is made by mail).  That date has passed and the court has not received an

3  opposition from Mr. Jimenez.

**ANALYSIS**

## I. FEDERAL-QUESTION JURISDICTION DOES NOT EXIST

6      A defendant in a state court may remove an action to federal court so long as the action could

7  have originally asserted federal-question jurisdiction.[3]  28 U.S.C. 1441(b).  The removing defendant

8  has the burden of proving the basis for the federal court's jurisdiction.  *Shizuko Nishimoto v.*

9  *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990).  Removal jurisdiction statutes are

10  strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941);

11  *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

12      The "well-pleaded complaint" rule requires a federal question to be presented on the face of the

13  plaintiff's complaint at the time of removal for federal-question jurisdiction to exist.  *Duncan v.*

14  *Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  A plaintiff may "by eschewing claims based on federal

15  law, choose to have the cause be heard in state court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

16  399 (1987).  And an anticipated federal defense is not sufficient to confer jurisdiction.  *Franchise*

17  *Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  But a

18  plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint.

19  *Id.* at 22.

20      Here, IIG alleges a single claim against Mr. Jimenez for unlawful detainer.  *See* Complaint, ECF

21  No. 1 at 8.  It is well established that unlawful detainer claims do not arise under federal law and,

22  without more, the court lacks federal-question jurisdiction.  *See, e.g., Fed. Nat'l Mortg. Assoc. v.*

23  *Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg.*

24  *LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom*

25  *Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22,

26

27

28      [3] District courts have original jurisdiction over cases that arise under the laws of the United States.  U.S. Const. art. III, § 2, cl.1.

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1    2010).

2        It also appears that Mr. Jimenez contends that federal question jurisdiction exists because IIG

3    allegedly violated 12 U.S.C. § 5520.  *See* Notice of Removal, ECF No. 1 at 2, ¶ 9.  But, as the court

4    explained above, an anticipated federal defense is not sufficient to confer jurisdiction.  *Franchise*

5    *Tax Bd.*, 563 U.S. 1, 10 (1983).

6    **II. DIVERSITY JURISDICTION DOES NOT EXIST**

7        Though Mr. Jimenez did not allege diversity jurisdiction in the notice of removal, the court will

8    nonetheless undertake the proper analysis.

9        Federal courts have original jurisdiction where the opposing parties are citizens of different

10   states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Thus, in removal cases

11   where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a

12   defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even

13   if the opposing parties are citizens of different states).  *See* 28 U.S.C. § 1441(b).

14       First, the amount in controversy for this removal does not exceed $75,000, the amount required

15   by statute for the court to have diversity jurisdiction.  28 U.S.C. § 1332(a).  In unlawful detainer

16   actions, the right to possession of the property is contested, not title to the property, and plaintiffs

17   may collect only damages that are incident to that unlawful possession.  *See Litton Loan Servicing,*

18   *L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting

19   *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)).  IIG is requesting damages in the amount

20   of $75 per day, beginning on September 29, 2012.  Complaint, ECF No. 1 at 9, ¶ 15.  The amount of

21   damages at issue in this case does not come close to reaching the threshold amount.

22       Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal

23   was not proper because IIG filed suit in California, and Mr. Jimenez is a citizen of California.

24   Complaint, ECF No. 1 at 7-8, ¶ 3.  28 U.S.C. § 1441(b) prohibits removal where a defendant in the

25   case is a citizen of the state in which the plaintiff originally brought the action.  Therefore, this case

26   must be remanded to state court for lack of diversity jurisdiction.

27   **III. ATTORNEY'S FEES ARE NOT PROPER**

28       IIG argues that it is entitled to attorney's fees in the amount of $750 for the labor required to

C 12-06117 LB
ORDER; REPORT AND RECOMMENDATION

4

1    create and file the motion to remand because Mr. Jimenez asserts no "coherent basis for removal *and*

2    *waited until the day before trial to file his Notice of Removal*."  Motion to Remand, ECF No. 4-1 at 6

3    (emphasis in original).  Under 28 U.S.C. 1447(c), courts may require a defendant to pay the "just

4    costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent

5    unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing

6    party lacked an objectively reasonable basis for seeking removal."  *See Martin v. Franklin Capital*

7    *Corp.*, 546 U.S. 132, 136 (2005).  However, awards of attorney's fees and costs under §1447 are

8    discretionary.  *Id.*

9       Mr. Jimenez lacked objectively reasonable grounds for removing this case to federal court

10    because the law is clear that federal courts lack subject-matter jurisdiction over unlawful detainer

11    actions.  Even so, awarding attorney's fees to IIG's attorneys would be inequitable considering Mr.

12    Jimenez is a party who faces losing his home and is proceeding *pro se* in defending this action.

13    Under these circumstances, awarding IIG $750 in attorney's fees would not serve the interests of

14    justice.  *Deutsche Bank Nat. Trust Co. v. Llopis*, No. C 11–03037 WHA, 2011 WL 3502486, at *2

15    (N.D. Cal. Aug. 10, 2011) (denying a $675 request for attorney's fees in an improperly removed

16    unlawful detainer case).  Accordingly, the court denies IIG's request for costs and attorney's fees.

17                               **CONCLUSION**

18       For these reasons, the court **GRANTS** IIG's motion to remand this action to Contra Costa

19    County Superior Court and **DENIES** IIG's request for attorney's fees.  The Clerk of the Court shall

20    close the file.

21       This disposes of ECF No. 4.

22       **IT IS SO ORDERED.**

23    Dated: January 24, 2013

24                             LAUREL BEELER
                            United States Magistrate Judge

25

26

27

28