UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IIG PROPERTIES, LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>VICTOR JIMENEZ, and DOES 1-20, INCLUSIVE<br><br>　　　　　Defendants.<br>_____/ | No. C 12-06117 LB<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND THE CASE TO CONTRA COSTA COUNTY SUPERIOR COURT AND (2) DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**<br><br>[Re: ECF No. 4] |

**INTRODUCTION**

Plaintiff IIG Properties, LLC ("IIG") filed a complaint for unlawful detainer against Defendant Victor Jimenez in the Contra Costa County Superior Court on October 5, 2012. Notice of Removal, ECF No. 1 at 1, ¶ 1.[1] Mr. Jimenez, who is proceeding *pro se*, removed the action to federal court on the ground of federal-question jurisdiction. *Id.* at 2, ¶¶ 6, 10. IIG now moves to remand the case and requests an award of attorney's fees. Motion to Remand, ECF No. 4-1 at 1. Both parties consented to the undersigned's jurisdiction. *See* ECF Nos. 7 & 9. For the reasons below, the court **GRANTS** IIG's motion to remand the action to Contra Costa County Superior Court and **DENIES**

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-06117 LB
ORDER; REPORT AND RECOMMENDATION

1  IIG's request for attorney's fees and costs.[2]

## STATEMENT

On July 7, 2004 a deed of trust was recorded in the official records of the Contra Costa County Recorder naming Mr. Jimenez the trustor of the property located at 52 Baylor Lane, Pleasant Hill, California (the "Property"). Complaint, ECF No. 1 at 8, ¶¶ 5-6. On an unspecified date thereafter, Mr. Jimenez defaulted on his payment of the promissory note that was secured by the deed. *Id.* at 8, ¶ 7. On August 23, 2012 IIG acquired the Property through a trustee's sale, and a Trustee's Deed Upon Sale, Instrument No. 2012-0210302-00, was recorded in Contra Costa County. Trustee's Deed Upon Sale, ECF No. 1 at 12-14.

On or about September 24, 2012, IIG posted a Notice to Any Renters and a Notice to Quit on the Property that required any tenants in possession of the Property to vacate it within three days. Notice to Quit, ECF No. 1 at 15. Mr. Jimenez remained in possession of the Property, so on October 5, 2012, IIG filed a complaint in the Contra Costa County Superior Court against him, alleging a single state law cause of action for unlawful detainer. In that complaint, IIG seeks immediate possession of the Property, damages of $75.00 per day for each day that Mr. Jimenez continues to possess the Property, and attorney's fees and court costs. Complaint, ECF No. 1 at 9, ¶¶ 1-3.

On December 3, 2012, Mr. Jimenez removed the case to federal court on the ground that the complaint presents federal questions. Notice of Removal, ECF No. 1 at 2, ¶¶ 6, 10. On January 2, 2013, IIG filed a motion asking the court to remand the action to Contra Costa County Superior Court based on lack of subject-matter jurisdiction and requesting attorney's costs and fees. Motion to Remand, ECF No. 4-1 at 3-4, 6. IIG served Mr. Jimenez with the motion by mail on the same day. Certificate of Service, ECF No. 4-3. Thus, Mr. Jimenez had until January 22, 2013 to file an opposition. *See* N.D. Cal. Civ. L.R. 7-3(a) ("Any opposition to a motion must be served and filed not more than 14 days after the motion is served and filed."); *see also* Fed. R. Civ. P. 6(a) ("[I]f the last day [of the time period] is a Saturday, Sunday, or legal holiday, the period continues to run until

---

[2] Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for determination without oral argument and vacates the February 7, 2013 hearing.

C 12-06117 LB
ORDER; REPORT AND RECOMMENDATION

2

the end of the next day that is not a Saturday, Sunday, or legal holiday."), (d) (three days added to the time period if service is made by mail). That date has passed and the court has not received an opposition from Mr. Jimenez.

## ANALYSIS

### I. FEDERAL-QUESTION JURISDICTION DOES NOT EXIST

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[3] 28 U.S.C. 1441(b). The removing defendant has the burden of proving the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A plaintiff may "by eschewing claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). But a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Id.* at 22.

Here, IIG alleges a single claim against Mr. Jimenez for unlawful detainer. *See* Complaint, ECF No. 1 at 8. It is well established that unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22,

---

[3] District courts have original jurisdiction over cases that arise under the laws of the United States. U.S. Const. art. III, § 2, cl.1.

2010).

It also appears that Mr. Jimenez contends that federal question jurisdiction exists because IIG allegedly violated 12 U.S.C. § 5520. *See* Notice of Removal, ECF No. 1 at 2, ¶ 9. But, as the court explained above, an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd.*, 563 U.S. 1, 10 (1983).

## II. DIVERSITY JURISDICTION DOES NOT EXIST

Though Mr. Jimenez did not allege diversity jurisdiction in the notice of removal, the court will nonetheless undertake the proper analysis.

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

First, the amount in controversy for this removal does not exceed $75,000, the amount required by statute for the court to have diversity jurisdiction. 28 U.S.C. § 1332(a). In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). IIG is requesting damages in the amount of $75 per day, beginning on September 29, 2012. Complaint, ECF No. 1 at 9, ¶ 15. The amount of damages at issue in this case does not come close to reaching the threshold amount.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because IIG filed suit in California, and Mr. Jimenez is a citizen of California. Complaint, ECF No. 1 at 7-8, ¶ 3. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action. Therefore, this case must be remanded to state court for lack of diversity jurisdiction.

## III. ATTORNEY'S FEES ARE NOT PROPER

IIG argues that it is entitled to attorney's fees in the amount of $750 for the labor required to

1 create and file the motion to remand because Mr. Jimenez asserts no "coherent basis for removal *and*
2 *waited until the day before trial to file his Notice of Removal*." Motion to Remand, ECF No. 4-1 at 6
3 (emphasis in original). Under 28 U.S.C. 1447(c), courts may require a defendant to pay the "just
4 costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent
5 unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing
6 party lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital*
7 *Corp.*, 546 U.S. 132, 136 (2005). However, awards of attorney's fees and costs under §1447 are
8 discretionary. *Id.*

9 Mr. Jimenez lacked objectively reasonable grounds for removing this case to federal court
10 because the law is clear that federal courts lack subject-matter jurisdiction over unlawful detainer
11 actions. Even so, awarding attorney's fees to IIG's attorneys would be inequitable considering Mr.
12 Jimenez is a party who faces losing his home and is proceeding *pro se* in defending this action.
13 Under these circumstances, awarding IIG $750 in attorney's fees would not serve the interests of
14 justice. *Deutsche Bank Nat. Trust Co. v. Llopis*, No. C 11–03037 WHA, 2011 WL 3502486, at *2
15 (N.D. Cal. Aug. 10, 2011) (denying a $675 request for attorney's fees in an improperly removed
16 unlawful detainer case). Accordingly, the court denies IIG's request for costs and attorney's fees.

## CONCLUSION

18 For these reasons, the court **GRANTS** IIG's motion to remand this action to Contra Costa
19 County Superior Court and **DENIES** IIG's request for attorney's fees. The Clerk of the Court shall
20 close the file.

21 This disposes of ECF No. 4.

22 **IT IS SO ORDERED.**

23 Dated: January 24, 2013

24 _____
LAUREL BEELER
United States Magistrate Judge